UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                                                                 Chapter 13

Eric Ellis Pugh,                                                Case Number 23-49193

         Debtor.                                                     Hon. Mark A. Randon

_____/

**<u>OPINION AND ORDER OVERRULING
TRUSTEE'S OBJECTION TO CONFIRMATION</u>**

**I.     INTRODUCTION**

This Court recently held that a chapter 13 debtor need not turn over sale proceeds arising from her property's post-confirmation appreciation to pay unsecured creditors.[1] However, in a footnote, the Court indicated that a plan or an order confirming a plan *could* include a provision excluding any property or appreciation from vesting in a debtor. The chapter 13 Trustee believes this footnote provides an *Elassal* workaround, because regardless of the real estate market's vagaries, such a blanket provision would always allow the chapter 13 estate—not the debtor—to reap any post-confirmation property appreciation. But a workaround without good reason to change course was not what the Court had in mind.

Chapter 13 debtor, Eric Pugh ("Debtor"), owns a house on the eastside of Detroit, which is $33,000 underwater based on a recent appraisal. Unable to afford his house

---

[1] *In re Elassal*, 654 B.R. 434 (Bankr. E.D. Mich. 2023).

payments, Debtor's plan of reorganization proposes to surrender the property to the mortgagee and taxing authority, or as more recently contemplated, first attempt to secure an affordable loan modification. Selling the house is not a viable option given its present value. Still, the Trustee insists that, in the unlikely and unforeseeable event Debtor sells the Property for a net profit during his 36-month chapter 13 plan, any non-exempt appreciation must be preserved for the benefit of his unsecured creditors.

Unable to persuade Debtor to include a plan provision that delays the vesting of his house or any future appreciation—and unauthorized to do so unilaterally—the Chapter 13 Trustee invites the Court to impose one. While within its discretion, the Court declines the invitation for lack of good cause and **OVERRULES** the Trustee's Objection to confirmation.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On October 19, 2023, Debtor filed chapter 13 bankruptcy. He scheduled property located on Bedford Street in Detroit, Michigan with a current value of $106,000 (the "Property") and liens of $98,210.[2] Debtor's Schedule C exempted the $7,790 in equity pursuant to 11 U.S.C. § 522(d)(1). The Property was Debtor's marital residence but titled in his name only.

On October 20, 2023, Debtor filed his chapter 13 plan in accordance with this jurisdiction's model plan (the "Plan") [Dkt. No. 7]. The Plan incorporates the following

---

[2]The eastside Detroit real estate market where the property is located is described as having "stabalized [sic] after years of decline. . ." [Dkt. No 39, Ex. 2].

model plan provision:

> V.
> 
> O.:
> Upon the effective date of the plan, all property of the estate shall vest in debtor and shall cease to be property of the estate. The debtor shall remain in possession of all property during the pendency of this case unless expressly provided herein.

Debtor's plan proposes to surrender his interest in the Property to creditors Detroit Water & Sewage Department and Mr. Cooper/Nationstar in Class 5.5. He also proposes to commit $161.54 in bi-weekly disposable income payments over 36 months, yielding an estimated $3,282 for unsecured creditors.[3] The liquidation analysis requires $0.

On November 6, 2023, the Court entered an order for relief from stay to allow Debtor and his then spouse to conclude their pending divorce. Because the Property was a marital asset, the state court required an independent appraisal to accurately determine the amount of any equity in the Property to be divided between the parties. The appraisal—prepared by a certified residential appraiser—valued the Property at $66,000, far less than Debtor had estimated in his schedules. Debtor was awarded the Property in the divorce. But given the lower-than-expected appraised value, he was not required to sell it, as there was no equity to divide. On December 21, 2023, the Court entered an Order Approving Divorce Settlement Pursuant to Federal Rule of Bankruptcy Procedure

---

[3] The non-government claims deadline was December 28, 2023. Unsecured claims submitted total $39,261.47. As such, if Debtor's estimate holds, unsecured creditors will receive 8.4% of their allowed claims.

9019 [Dkt. No. 30].

Debtor's mortgage creditor, Nationstar Mortgage LLC, filed a $99,189.46 secured claim (Claim No. 10).  Using the $66,000 appraised value, the Property is $33,189.46 underwater.  This leaves Debtor with no equity from which to pay unsecured creditors if the Property is sold—and nowhere to live if surrendered.  On January 18, 2024, the Court held a confirmation hearing where Debtor indicated that, given the recent appraisal, surrendering the Property was no longer the only option on the table: Debtor would now prefer to remain in the Property and enter into a loan modification, in the hopes of obtaining an affordable payment; he still intends to surrender the Property if he cannot. The Trustee objected to confirmation (the "Objection") unless the Plan's vesting provision was amended in the Order Confirming Plan.[4]  There are no outstanding creditor objections to Debtor's plan.

## III. ANALYSIS

Trustee's Objection invites the Court to exercise its discretion and delay the otherwise automatic vesting in Debtor of the Property at confirmation pursuant to our model plan and 11 U.S.C. § 1327(b): "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."  Debtor and the Trustee could have stipulated to a delay in the vesting

---

[4]Trustee also filed a formal objection on December 1, 2023, which raised more issues than contemplated in this opinion [Dkt. No. 22].  The Court understands the Trustee's insistence on a "delay of vesting" provision now stands as the only bar to confirmation.

provision.[5] However, absent a stipulation, there must be a good reason for the Court to exercise its discretion and order delayed vesting.

> Section 1327(b) gives bankruptcy judges discretion to hold assets in the estate in particular cases, but the exercise of this discretion—like the exercise of all judicial discretion—requires a good reason. "[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles." *United States v. Burr*, 25 F. Cas. 30, 35 (No. 14692d) (C.C. Va. 1807) (Marshall, C.J.). *See also, e.g., United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc).

*Matter of Steenes*, 918 F.3d 554, 557 (7th Cir. 2019). Here, because no good cause exists, the Court declines to exercise its discretion.[6]

As an initial matter, the Trustee cannot unilaterally impose a change to the vesting provision. Under 11 U.S.C. § 1321, "[t]he Debtor shall file a plan."[7] Further, 11 U.S.C. § 1323(a) provides "[t]he debtor may modify the plan at any time before confirmation . . .

---

[5] For example, an agreement may be had where a trustee has reason to challenge a debtor's current property valuation, but rather than engage in a zero sum or non-cost effective evidentiary hearing, the parties agree that a predetermined amount of non-exempt appreciation remains property of the estate.

[6] The Court uses "good cause" and "good reason" interchangeably.

[7] *In re Euler*, 251 B.R. 740, 745 (Bankr. M.D. Fla. 2000) ("In fact, the Chapter 13 debtor has the exclusive right to file a plan. H.R. Rep. No. 595, 95th Cong., 1st Sess. 143 (1977), U.S.Code Cong. & Admin.News 1977 p. 5963; S. Rep. No. 989, 95th Cong. 2d Sess. 141 (1978), U.S.Code Cong. & Admin.News 1977 p. 5787; Collier on Bankruptcy (15th ed. Rev.), ¶ 1321.01 at 1321-2.").

." Thus, the Bankruptcy Code exclusively reserves to a debtor the right to both file a plan and modify it before confirmation. The Trustee may not do either. A trustee may raise objections and be heard as it relates to confirmation, and importantly here, on the value of property subject to a lien. 11 U.S.C. § 1302. But any trustee objection must be code based, such as those enumerated under 11 U.S.C. §§ 1322 and 1325.

With respect to Debtor's liquidation analysis obligation, 11 U.S.C. § 1325(a)(4) provides in pertinent part, "the court shall confirm a plan if . . . the value, as of the effective date of the plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less that the amount that would be paid on a such a claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4).[8] If the Trustee believes Debtor's Property valuation is too low and requires an increased plan payment to meet liquidation, she may object and either: 1) request an evidentiary hearing for the Court to determine the value; or 2) make a deal with Debtor to increase his plan payment or delay vesting of his property or its future appreciation. None of Trustee's arguments suggest Debtor has not complied with 11 U.S.C. § 1325(a)(4) or, for that matter, any other provision of § 1325.

---

[8]The Supreme Court has indicated "effective date of the plan" means "when the plan is confirmed." *See Hamilton v. Lanning*, 560 U.S. 505, 158 (2010) (". . . § 1325(b)(1) directs courts to determine projected disposable income 'as of the effective date of the plan,' which is the date on which the plan is confirmed and becomes binding, see § 1327(a)."); *see also Rake v. Wade*, 508 U.S. 464 (1993).

### A. No Cause Exists To Delay Vesting

The Court must be shown facts which indicate good cause to modify the statutory standard, because while section1327(b) allows a court to exercise its discretion, "like the exercise of all judicial discretion—[it] requires good reason." *Steenes*, 918 F.3d at 557. The Court finds good reason to delay vesting may include a debtor's bad faith, or material undervaluation of his property. Neither circumstance is apparent here.

The Trustee asks the Court to consider issues arising out of Debtor's conduct during his divorce proceedings as a good reason to delay vesting: First, Debtor and his non-filing spouse stipulated and obtained an order for relief from the automatic stay with respect to the divorce proceedings without seeking the Trustee's consent to the stipulation as our local rule requires. LBR 4001-1(a) (E.D. Mich.). Second, the judgment of divorce was entered in state court while Debtor's motion to approve the divorce settlement was pending in this Court. The Court disagrees. While some Court action as it relates to these issues may be necessary, under the circumstances, the Court does not find Debtor's conduct sufficient to establish bad faith. If Debtor moved forward in his divorce proceedings absent the Trustee's stipulation, it was an oversight of the Court—not bad faith of the Debtor.[9]

---

[9]The Court notes that Debtor acted *pro se* in his divorce proceedings. Debtor's ex-spouse was represented by counsel, who was made aware of Debtor's bankruptcy proceedings. If the Court were to place fault on any party, it would be on the ex-spouse's counsel—who filed a Request for Notice in this case on November 1, 2023 [Dkt. No. 15]. The Trustee has also since stipulated to entry of the divorce judgment.

Nor are Debtor's shifting intentions with respect to the Property indicative of bad faith or otherwise provide grounds to delay vesting . Debtor was simply reacting to the circumstances that arose from his contemporaneous bankruptcy and divorce proceedings. The divorce court required an appraisal of the Property, which gave a valuation of just $66,000. Rather than having $7,790 in exempted equity, the Debtor now held sole interest in a property that was $33,189.46 underwater. Only then did Debtor consider retaining the Property, if he could secure a loan modification with an affordable monthly payment.[10]

### B. *In re Elassal* Footnote Three is not a Workaround

The Court acknowledges that the Trustee is attempting to follow the guidance offered in its recent opinion *In re Elassal*, 654 B.R. 434 (Bankr. E.D. Mich. 2023). In the Objection, the Trustee points to footnote three of the *Elassal* opinion.[11] The Court's guidance is code based. 11 U.S.C. § 1327(b); 11 U.S.C. § 1322(b)(9) ("the plan may. . . provide for the vesting of property of the estate, on confirmation of the plan or at a later

---

[10]The Trustee argues that an amended plan is, therefore, necessary to clarify Debtor's intention. The request is premature, and it does not materially change the secured creditor's position because, it will either approve a modification–in its sole discretion–or have the property surrendered as the plan currently proposes.

[11]*In re Elassal*, 654 B.R. 434, 438 n.3 (Bankr. E.D. Mich. 2023) ("Under section 1327(b), the Plan or Order Confirming the Plan could have included a provision excluding any property appreciation from revesting in Debtor. *See e.g.*, *In re Euler*, 251 B.R. 740, 747 (Bankr. M.D. Fla 2000)").

-8-

23-49193-mar    Doc 40    Filed 03/18/24    Entered 03/18/24 15:31:52    Page 8 of 9

time, in the debtor or in any other entity"). However, the operative word in the footnote is "could." The Court's footnote did not state or imply that if the Trustee were to make a pre-confirmation objection to the fate of any, unanticipated, post-confirmation appreciation sale proceeds, and insist on a delayed vesting provision, that the Court *would*—without good cause—sustain such objection.

## IV. CONCLUSION

The Court finds there is no good cause to exercise its discretion and delay vesting of the Property in the Debtor upon confirmation. Debtor has not acted in bad faith, and the Trustee does not argue he undervalued the Property or seek an evidentiary hearing to challenge its most recent appraised value. Therefore, Trustee's Objection is **OVERRULED**.

**IT IS ORDERED**.

**Signed on March 18, 2024**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**